IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NORAH M. SHORT, a minor, by and through Amber Short and Scott Short;<br><br>Plaintiff,<br><br>vs.<br><br>HEATHER RAMSEY, APRN-CNM; THE MIDWIFE'S PLACE LLC, and BELLEVUE MEDICAL CENTER, L.L.C.,<br><br>Defendants. | 8:16CV499<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on two pending motions: plaintiff's Motion for Leave to File a First Amended Complaint (Filing No. 29), and defendant Bellevue Medical Center, L.L.C.'s ("Bellevue Medical") Motion to Dismiss or, in the Alternative, for Leave to Conduct Limited Discovery (Filing No. 16). For the reasons stated below, Plaintiff's Motion is granted, and Bellevue Medical's Motion is denied in part without prejudice and granted in part.

I.  BACKGROUND

Plaintiff alleged in her original Complaint that this Court has subject-matter jurisdiction on diversity grounds (Filing No. 1). *See* 28 U.S.C. § 1332. Plaintiff, a minor, claimed she was a citizen of Iowa, and Scott Short, her father, was a resident of Iowa. Plaintiff made no mention of any specific facts supporting her allegation of Iowa citizenship. There is currently no dispute over plaintiff's assertions that all the defendants are citizens of Nebraska and that the amount in controversy is greater than $75,000.

Bellevue Medical filed a Motion to Dismiss or, in the Alternative, for Leave to Conduct Limited Discovery. The Motion to Dismiss argued that Scott Short and, therefore, plaintiff were citizens of Nebraska, depriving the Court of diversity jurisdiction. Bellevue Medical filed an affidavit and provided evidence that Scott Short owned a house in

2

Nebraska, listed home and cell phone numbers that began with the Nebraska area code of 402 on a hospital form, and listed his address as an Army/Air Force Post Office box on the same form. Bellevue Medical alternatively requested limited jurisdictional discovery if the Court did not dismiss the case.

In response, plaintiff filed a Motion for Leave to File a First Amended Complaint. The proposed Amended Complaint states Scott Short was a citizen of Iowa (Filing No. 31-1). Plaintiff also filed an affidavit from Scott Short, which stated in part (1) Short was born in Iowa, (2) he was a resident of Iowa when he joined the United States Air Force, (3) he continues to consider Iowa his domicile, (4) he resided in Nebraska due to his temporary stationing there, (5) he is registered to vote in Iowa, and (6) he pays income tax in Iowa.

## II. DISCUSSION
### A. Motion for Leave to File a First Amended Complaint

Since plaintiff did not move to file an Amended Complaint within 21 days of the service of the Motion to Dismiss, plaintiff may only amend the Complaint with the Court's leave, which should be freely given when justice requires. Fed. R. Civ. P. 15(a). Plaintiff seeks to amend the Complaint to better show the grounds for subject-matter jurisdiction. There is no evidence that plaintiff omitted these grounds from the first Complaint in bad-faith. Leave to amend is appropriate and will be granted.

### B. Motion to Dismiss

A Motion to Dismiss can be based either on the face of the Complaint or on the truthfulness of the facts pled. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Bellevue Medical's Motion to Dismiss is partially based on the face of the Complaint, specifically plaintiff's failure to state that Scott Short was a citizen of Iowa. Whatever merit there is in this argument, it is mooted by plaintiff's proposed amendment. At the same time, Bellevue Medical does emphasize some facts inconsistent with Iowa citizenship in its Motion to Dismiss. Bellevue Medical maintains jurisdictional discovery may uncover further evidence for a factual challenge to jurisdiction. Since jurisdictional discovery has not been completed,

the Motion to Dismiss is denied without prejudice, and Bellevue Medical may renew its motion after such jurisdictional discovery is completed.

### C. Motion for Leave to Conduct Limited Jurisdictional Discovery

Because subject-matter jurisdiction deals with the ability of the Court to hear the case, the Court has wide discretion to determine the grounds for jurisdiction. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). In the case of a factual challenge to jurisdiction, the Court may consider evidence to resolve the factual dispute. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Jurisdictional discovery to ascertain the citizenship of a party is an allowable method for a court to determine jurisdiction. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Therefore, Bellevue Medical may conduct jurisdictional discovery limited to the issue of citizenship of plaintiff as it regards subject-matter jurisdiction.

## III. CONCLUSION

IT IS ORDERED:

1. Plaintiff's Motion for Leave to File a First Amended Complaint (Filing No. 29) is GRANTED. Plaintiff shall file a First Amended Complaint by February 21, 2017.

2. Defendant Bellevue Medical Center, L.L.C.'s Motion to Dismiss or, in the Alternative, for Leave to Conduct Limited Discovery (Filing No. 16) is DENIED in part without prejudice and GRANTED in part. The Motion to Dismiss may be renewed upon completion of jurisdictional discovery.

3. Discovery limited to the issue of the citizenship of the parties for diversity purposes shall be completed by April 14, 2017; all other discovery is stayed until the earlier of April 14, 2017 or the filing of any further motions by Bellevue Medical relating to subject-matter jurisdiction.

Dated this 13th day of February, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge