**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| N.M.S., a minor, by and through her natural guardians and Next Friends; AMBER SHORT, and SCOTT SHORT,<br><br>               Plaintiffs,<br><br>   vs.<br><br>HEATHER RAMSEY, APRN-CNM; THE MIDWIFE'S PLACE LLC, and BELLEVUE MEDICAL CENTER, L.L.C.,<br><br>               Defendants. | 8:16CV499<br><br>AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE |

      This matter is before the Court on the written request of counsel for the Defendant to continue the trial and pretrial hearing dates in this matter due to a scheduling conflict. Good cause having been shown, the Court grants this request.

      Accordingly,

      **IT IS ORDERED** that the provisions of the Court's earlier, final progression order remain in effect, and in addition to those provisions, the following shall apply:

      1.     Pretrial Disclosures. Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

      a.     Nonexpert Witnesses - On or before February 19, 2019: The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

      b.     Deposition Testimony and Discovery - The designation of discovery testimony and discovery responses intended to be utilized at trial is not required at this time.

      c.     Trial Exhibits - On or before February 19, 2019: A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

      d.     Waiver of Objections. Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections

(except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the Court for good cause shown.

2. The **Final Pretrial Conference** with the assigned magistrate judge is reset for **March 18, 2019, at 1:30 p.m.** in chambers, 111 South 18th Plaza, Suite 2271, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[1] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

3. **A 12 day jury trial** is set to commence, at the Court's call, during the week of **April 8, 2019**, in **Omaha**, Nebraska, before the **Honorable Robert F. Rossiter, Jr.**, United States District Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial.

4. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 7th day of November, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. *See* NECivR 5.3.