IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| N.M.S., a minor, by and through her natural guardians and Next Friends; AMBER SHORT, and SCOTT SHORT, | | **8:16CV499** |
| Plaintiffs, | | |
| vs. | | **ORDER** |
| HEATHER RAMSEY, APRN-CNM; THE MIDWIFE'S PLACE LLC, and BELLEVUE MEDICAL CENTER, L.L.C., | | |
| Defendants. | | |

This matter is before the Court on Plaintiffs' Motion to Compel (Filing No. 84) and Defendant Bellevue Medical Center, LLC's ("Defendant") Motion for Protective Order (Filing No. 90).  For the reasons set forth below, each motion will be granted, in part.

## DISCUSSION

Plaintiffs seek to compel Defendant to produce complete copies of four insurance policies, namely (1) Nebraska Medicine's Health Care Facility Medical Professional & General Liability Policy with COPIC Insurance Company ("COPIC CGL Policy"); (2) Bellevue Medical Center, LLC's Health Care Liability Policy with Zurich American Insurance Company ("Bellevue Zurich Policy"); (3) Nebraska Medicine's Policy of Excess Coverage with Zurich American Insurance Company ("Zurich Excess Policy"); and (4) Nebraska Medicine's Umbrella Liability Policy with COPIC Insurance Company ("COPIC Umbrella Policy").  (Filing No. 84.) Plaintiffs contend that Defendant has an obligation to produce these documents under Federal Rule of Civil Procedure 26(a)(1)(A)(iv).  This Rule provides that "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to

indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv).

Plaintiffs further maintain that Defendant should have produced these policies in response to a request for production which sought a "complete copy of each insurance agreement, whether primary or excess or other, under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to the declarations page and all endorsements, modifications, exhibits, addenda, etc." (Filing No. 86.)

Through its Motion for Protective Order, Defendant seeks to preclude the production of the entirety of the Zurich Excess Policy and COPIC Umbrella Policy. Defendant also seeks to preclude the disclosure of additional portions of the Bellevue Zurich Policy. Defendant maintains that it has no obligation to produce these policies under Rule 26(a)(1)(A)(iv) and that the policies are not responsive to Plaintiffs' request for production. Defendant also seeks protection from the production of portions of the COPIC CGL Policy. Defendant argues that the COPIC CGL Policy contains irrelevant and confidential information which, if disclosed, could prejudice individuals not involved in this litigation.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), as amended, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 "is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hodges v. Pfizer, Inc.*, Civ. No. 14-4855-ADM/TNL, 2016 WL 1222229, *2 (D. Minn. March 28, 2016) (internal quotation omitted). Still, the scope of discovery is not unlimited. Courts must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*.

### 1. Bellevue Zurich Policy, Zurich Excess Policy, and COPIC Umbrella Policy

Defendant argues that the Bellevue Zurich Policy, Zurich Excess Policy, and COPIC Umbrella Policy are outside the scope of Rule 26(a)(1)(A)(iv), as well as Plaintiffs' discovery request seeking copies of policies that could be used to satisfy a judgment, because it is a qualified healthcare provider under the Nebraska Hospital Medical-Liability Act ("NHMLA"). NHMLA governs medical malpractice actions for qualified healthcare providers. *See* Neb. Rev. Stat. § 44-2821. Defendant maintains that under NHMLA, Plaintiffs' potential recovery is capped at $1.75 million and, thus, there is no possibility that the Zurich Excess Policy or COPIC Umbrella Policy would be utilized to pay any verdict or settlement in this case. *See* Neb. Rev. Stat. § 44-2825. Despite this argument, Defendant recognizes that it identified the Zurich Excess Policy and COPIC Umbrella Policy in its initial disclosures. Also, Defendant acknowledges that it previously produced portions of the Bellevue Zurich Policy in response to a request for production,[1] but claims it only did so to demonstrate that it was qualified under NHMLA.

The Court finds that the Bellevue Zurich Policy, Zurich Excess Policy, and COPIC Umbrella Policy are relevant and should be produced. Defendant acknowledges that Plaintiffs have made an allegation that Defendant did not comply with NHMLA. (Filing No. 91 at CM/ECF at p. 10.) Although Defendant argues that Plaintiffs cannot possibly succeed on this claim in light of a statement from the Department of Insurance indicating that Defendant was qualified under NHMLA, Plaintiffs are still entitled to discovery on this issue. Plaintiffs should not have to blindly accept Defendant's representations.

However, in light of Defendant's concerns regarding confidentiality, the Court is persuaded that a protective order limiting disclosure of the policies is appropriate. Therefore,

---

[1] The request for production stated: "If you claim you were covered by and in compliance with the Nebraska Hospital-Medical Liability Act . . . please produce the physical or electronic records which demonstrate both coverage and compliance with the terms and conditions of the Act." (Filing No. 86-4.)

Plaintiffs, their counsel, and anyone working with or for them, shall be prohibited from disclosing the policies to anyone outside this litigation. These policies may solely be used for the purpose of this litigation and may not be used by Plaintiffs or their counsel in connection with any other lawsuit or litigation.

### 2. COPIC CGL Policy

There is no dispute that the COPIC CGL Policy would provide coverage in the event of any judgment or settlement in this case. Defendant claims that it has produced all agreements within the COPIC CGL Policy that establish the Policy's obligation to satisfy a judgment or settlement. Defendant asserts that the Policy should not be produced in its entirety because it includes numerous riders which detail coverage/non-coverage for individual physicians and other medical professionals not involved in this case. Thus, Defendant seeks to protect these riders, which amount to 290-pages of the COPIC CGL Policy, from production. Moreover, according to Defendant, the Policy details general liability coverage for Nebraska Medicine. These coverages are for liabilities not involved in this case, such as those for property damage and employee related issues. Defendant argues that this information is irrelevant, and that its disclosure would be unduly prejudicial because it exposes Nebraska Medicine to legal risk if individuals are aware of its coverage limits.

Plaintiffs maintain that the entire COPIC CGL Policy must be disclosed because it falls within the scope of Rule 26(a)(1)(A)(iv). Plaintiffs point out that several courts have concluded that insurance policies required to be disclosed under Rule 26(a)(1)(A)(iv) must be produced in their entirety, without redaction. *See Capazzi v. Atwood Oceanics, Inc.*, No. Civ. A. 08-776, 2009 WL 3055321 (W.D. La. Sept. 20, 2009); *Robin v. Weeks Marine, Inc.*, Civ. Act. No. 17-1537, 2017 WL 3311243 (E.D. La. Aug. 3, 2017). In so holding, courts have noted that Rule 26(a)(1)(A)(iv) is absolute, and that no finding of relevance is necessary. *See First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 2:15-cv-2235, 2016 WL 5869580 (W.D. Tenn. Oct. 5, 2016). Still, Rule 26(a)(1)(A)(iv) contemplates the imposition of disclosure limitations through court order. The Rule states that insurance agreements must be produced "*except as . . . ordered by the court.*" Fed. R. Civ. P. 26(a)(1)(A)(iv).

The Court recognizes that the deadline for initial disclosures has passed. Nevertheless, the Court finds good cause for extending the initial disclosure deadline for the limited purpose of modifying the scope of initial disclosures in this case. The Court agrees with Defendant that production of the COPIC CGL Policy riders could harm non-parties to this proceeding, and there is no reasonable basis for their disclosure. Defendant identified the COPIC CGL Policy in its initial disclosures, and Defendant was clearly not trying to hide coverage under the policy. Based on its assessment of the relevance of the riders in the context of this case, it is excusable that those portions of the policy were not produced at that time or in response to the discovery request. Moreover, there is good cause for entry of a protective order with regard to the riders to shield non-parties from annoyance, embarrassment and oppression. Therefore, due to the potential for harm to non-parties, Defendants will not be required to produce the riders, except for those riders relating to physicians involved in this case.

The Court is not convinced, however, that the remaining general liability provisions of the COPIC CGL Policy should not be produced. Therefore, the Court will order Defendant to produce these portions of the policy. However, a protective order preventing the disclosure of the entirety of COPIC CGL Policy outside this litigation is appropriate. Thus, Plaintiffs, their counsel, and anyone affiliated with them, shall be prohibited from disclosing the policy to anyone not involved in this litigation. This policy may not be used by Plaintiffs or their counsel in connection with any other lawsuit or litigation.

Accordingly,

**IT IS ORDERED:**

1.     Plaintiffs' Motion to Compel (Filing No. 84) is granted, in part as set forth above. Defendant shall produce the insurance policies at issue, with the exceptions outlined above, no later than May 4, 2018.

2.     Defendant's Motion for Protective Order (Filing No. 90) is granted, in part, as set forth above. Plaintiffs, their counsel, and anyone affiliated with them, are hereby prohibited

from disclosing the policies at issue to anyone not involved in this litigation. These policies may not be used by Plaintiffs, their counsel, or anyone affiliated with them, in connection with any other lawsuit or litigation.

Dated this 25th day of April, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge